## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHELLE VANADIA, <br>     Plaintiff, <br><br> vs. <br><br> STARBUCKS CORP., STARBUCKS COFFEE CO., JOHN DOE 1-10 and/or ABC/XYZ COMPANY 1-10 (said names being fictitious), <br><br>     Defendants. | CIVIL ACTION NO. 2:21-cv-20118 <br><br> **NOTICE OF REMOVAL** <br><br> **Removed from New Jersey Superior Court, Law Division, Essex County Docket No. ESX-L-7832-21** <br><br> **Document Filed Electronically** |

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Starbucks Corporation, doing business as Starbucks Coffee Company, and improperly pled as "Starbucks Corp." and "Starbucks Coffee Co." ("Removing Defendant"), hereby removes to this Court the above-captioned matter, which is pending in the Superior Court of New Jersey, Law Division, Essex County, under Docket No. ESX-L-7832-21. Removal is proper based on diversity jurisdiction as follows:

**A.**   **Background**

1. On October 19, 2021, Plaintiff Michelle Vanadia, a citizen of New Jersey, filed this personal injury action, designated Docket No. ESX-L-7832-21, in the Superior Court of New Jersey, Law Division, Essex County (the "State Court Action"). Other than fictitiously named parties, Defendant Starbucks Corporation, doing business as Starbucks Coffee Company, is the only defendant in this action. As Plaintiff is a citizen of the State of New Jersey and Removing Defendant Starbucks Corporation is a citizen of the State of Washington, complete diversity is present. A true and correct copy of the Complaint and Case Information Sheet in the State Court Action is attached hereto as *Exhibit A*.

2. Plaintiff's Complaint alleges that on April 13, 2021, she suffered "serious and permanent bodily injuries and emotional distress of a permanent nature" when she ingested a

6634511

beverage that she ordered and obtained from a store located in Newark, New Jersey operated by Removing Defendant Starbucks Corporation. She alleges to have received a beverage containing dairy product, despite allegedly ordering a non-dairy beverage. Plaintiff alleges she "sustained pain and suffering and suffered economic loss" for which she seeks a variety of damages. *See* Complaint at ¶¶ 1-15.

3. Copies of the Summons and Complaint were delivered to an employee of Starbucks at the Newark, New Jersey store on October 22, 2021. As such, proper service has not yet been made on Removing Defendant.

4. Pursuant to 28 U.S.C. § 1446(a), the Removing Defendant has attached true and correct copies of "all process, pleadings, and orders served" upon the Removing Defendant in the State Court Action as *Exhibit B*.

5. Pursuant to 28 U.S.C. § 1447(b), the Removing Defendant has attached true and correct copies of "all records and proceedings" in the State Court Action as *Exhibits A and B*.

6. Pursuant to 28 U.S.C. § 1446(b), this Notice must be filed within thirty (30) days of the Removing Defendant's receipt of service of the Summons and Complaint. This 30-day time period has not started to elapse as proper service has not yet been made on Removing Defendant. To the extent that delivering the Summons and Complaint to a store location of Removing Defendant is deemed to be proper service – which it is not – the Notice would have to be filed within 30-days of its receipt on October 22, 2021, or by November 22, 2021. As this Notice is being filed on or before November 22, 2021, this removal is timely. *See Exhibit B.*

7. The time for the Removing Defendant to answer, move, or otherwise plead with respect to the Complaint has not yet expired.

8. Pursuant to 28 U.S.C. § 1446(d), promptly after the filing of this Notice of Removal, a true and correct copy of same will be filed with the Clerk of the Superior Court, Law

Division, Essex County and served on Plaintiff's counsel. A copy of the Notice of Filing of a Notice of Removal to be filed with the Superior Court of New Jersey, Law Division, Essex County is attached hereto as *Exhibit C*.

9. By filing a Notice of Removal in this matter, the Removing Defendant does not waive its right to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and the Removing Defendant specifically reserves the right to assert any defenses and/or objections to which it may be entitled, including but not limited to, the right to move to dismiss this action pursuant to Rule 12 of the Federal Rules of Civil Procedure.

10. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Diversity jurisdiction exists where (1) the suit is between citizens of different states; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332; *Liberty International Underwriters Canada v. Scottsdale Insurance Company*, 955 F. Supp.2d 317, 322-23 (D.N.J. 2013); *Australian Gold, Inc. v. Hatfield*, 436 F.3d 1228, 1234-35 (10th Cir. 2006).

**B.** **Diversity of Citizenship**

11. Upon information and belief, at the time this action was filed and at all times since, Plaintiff was and is a citizen of New Jersey. *See* introductory paragraph of Plaintiff's Complaint, attached as *Exhibit A*.

12. Removing Defendant Starbucks Corporation, doing business as Starbucks Coffee Company, is incorporated in and has its principal place of business in the State of Washington.

13. The citizenship of defendants sued under fictitious names is disregarded for the purposes of demonstrating complete diversity of the parties for purposes of removal. *See* 28 U.S.C. § 1441(a).

14. Accordingly, complete diversity exists in this action.

C.  **The Amount in Controversy Exceeds $75,000**

15.  On the face of the Complaint, the $75,000 amount-in-controversy requirement is satisfied.  *See* 28 U.S.C. §§ 1332(a).  As the Supreme Court has clarified, a notice of removal to federal court under 28 U.S.C. § 1446(a) need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold and need not include actual evidence establishing that amount.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

16.  Here, it is apparent from the face of the Complaint, and the nature of the injuries alleged, that the amount in controversy in this action exceeds $75,000.[1]  Plaintiff claims she "suffered serious permanent bodily injuries and emotional distress of a permanent nature" and "was obliged to expend monies for medical and hospital treatment" and "will in the future be compelled to expend large sums of money in an effort to alleviate said injuries." *Exhibit A*, ¶ 15. Plaintiff seeks a "judgment against Defendants" for "damages, including, but not limited to: compensatory damages; costs of suit; interest; and such other relief" all of which are properly included in the amount in controversy.  *See id.,* unnumbered "Wherefore" paragraph at the end of Count One.  Where, as here, Plaintiff alleges serious bodily injuries and/or chronic or permanent medical conditions, courts have readily found that the amount-in-controversy requirement is satisfied. *See Montilus v. Munoz*, Civil Action No. 09–4143 (SRC), 2009 WL 3246609, at *2 (D.N.J. Oct. 6, 2009); *Raspa v. Home Depot,* 533 F. Supp. 2d 514, 522 (D.N.J. Dec. 21, 2007); *Kolokowski v. Crown Equip. Corp.*, Civil Action No. 05-4257, 2005 WL 3320777, at *3 (D.N.J.

---

[1] Removing Defendant does not, however, concede that Plaintiff would be entitled to any of the relief sought in the Complaint.  (*See Kelderman v. Remington Arms Co.*, 734 F. Supp. 1527, 1528 (S.D. Iowa 1990) (rejecting a plaintiff's attempt to "place [a] defendant in the awkward position of embracing a concession on the important issue of damages," to establish jurisdiction, noting that a "defendant need not go that far").  Here, Removing Defendant specifically denies that Plaintiff is entitled to recover any damages.

Dec. 6, 2005).) Accordingly, it is evident from the face of the Complaint that the amount in controversy exceeds $75,000.

WHEREFORE, Removing Defendant respectfully removes this action to this Court from the Superior Court of New Jersey, Law Division, Essex County, pursuant to 28 U.S.C. § 1441.

DATED:  November 22, 2021

Respectfully submitted,

By: *s/ Joshua H. Abramson*
Joshua H. Abramson (JA 9762)
PORZIO, BROMBERG & NEWMAN, P.C.
100 Southgate Parkway
P.O. Box 1997
Morristown, NJ 07962-1997
Tel.: (973) 538-4006
Fax: (973) 538-5146
jhabramson@pbnlaw.com

*Attorneys for Defendant Starbucks Corporation d/b/a Starbucks Coffee Company*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served upon counsel for Plaintiff, by electronic mail and regular mail, addressed as follows:

Neil S. Weiner, Esq.
Lynch Lynch Held Rosenberg, PC
440 Route 17 North
Hasbrouck Heights, NJ 07604
nweiner@lynchlawyers.com
*Attorneys for Plaintiff*

                                        *s/ Joshua H. Abramson*
                                        Joshua H. Abramson (JA 9762)
                                        PORZIO, BROMBERG & NEWMAN, P.C.
                                        100 Southgate Parkway
                                        P.O. Box 1997
                                        Morristown, NJ 07962-1997
                                        Tel.: (973) 538-4006
                                        Fax: (973) 538-5146
                                        jhabramson@pbnlaw.com

                                        *Attorneys for Defendant Starbucks Corporation*

Dated: November 19, 2021

6634511