# EXHIBIT A

**Neil S. Weiner, Esq. (029281997)**
**LYNCH LYNCH HELD ROSENBERG, PC**
440 Route 17 North
Hasbrouck Heights, NJ 07604
201-288-2022
Attorneys for Plaintiff, **MICHELLE VANADIA**

|  |  |
|---|---|
| **MICHELLE VANADIA**<br>               **Plaintiff**<br><br><br><br>        -vs-<br><br>**STARBUCKS CORP., STARBUCKS COFFEE CO., JOHN DOE 1-10 and/or ABC/XYZ COMPANY 1-10  (said names being fictitious)**<br><br>        **Defendants.** | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br><br>Docket No: ESX-L-<br><br><br>**CIVIL ACTION**<br><br>**COMPLAINT with JURY DEMAND, DESIGNATION OF TRIAL COUNSEL and CERTIFICATION** |

       Plaintiff, **MICHELLE VANADIA** residing at 11 Summit Lane, Succasanna, County of Morris, State of New Jersey, by way of Complaint against the Defendants, **STARBUCKS CORP., STARBUCKS COFFEE CO., JOHN DOE 1-10 and/or ABC/XYZ COMPANY 1-10 (said names being fictitious),** herein says:

## FIRST COUNT

1.     At all relevant times, Defendants, **STARBUCKS CORP., and or STARBUCKS COFFEE CO.,** are for-profit businesses authorized to do business in the State of New Jersey.

2.     At all relevant times, Defendants, **STARBUCKS CORP., and or STARBUCKS COFFEE CO.,** market, sell, make and provide beverages for sale to the general public.

3.     At all relevant times, Defendants, **STARBUCKS CORP., and or STARBUCKS COFFEE CO.** own, control and operate a store located at 687 Broad St., City of Newark, County of Essex, State of New Jersey where they make and sell their beverages to the general public.

4.      At all relevant times, Defendants, **STARBUCKS CORP., and or STARBUCKS COFFEE CO.,** has created, offered, and sold their beverages through an app.

5.      At all relevant times, Defendants, **STARBUCKS CORP., and or STARBUCKS COFFEE CO.,** offers for sale non-dairy alternative beverages for customers who are allergic to dairy products or who choose not to consume dairy products for other reasons.

6.      At all relevant times, Plaintiff, **MICHELLE VANADIA** was allergic to dairy.

7.      On April 13, 2021, Plaintiff, **MICHELLE VANADIA** ordered and paid for a non-dairy beverage from Defendants, **STARBUCKS CORP., and or STARBUCKS COFFEE CO.**'s app to be made and picked up at their store located at 687 Broad St., Newark, New Jersey.

8.      On April 13, 2021, Defendants, **STARBUCKS CORP., and or STARBUCKS COFFEE CO.** through their employees, in response to Plaintiff, **MICHELLE VANADIA**'s order, made a beverage for her that included a dairy product.

9.      On April 13, 2021, Plaintiff, **MICHELLE VANADIA** obtained what she believed to be the non-dairy beverage she had ordered from Defendants, **STARBUCKS CORP., and or STARBUCKS COFFEE CO.**'s app, from Defendants, **STARBUCKS CORP., and or STARBUCKS COFFEE CO.**'s store located at 687 Broad St., Newark, New Jersey.

10.      On April 13, 2021, Plaintiff, **MICHELLE VANADIA** drank the beverage she had just ordered, paid for and obtained from Defendants, **STARBUCKS CORP., and or STARBUCKS COFFEE CO.**'s store located at 687 Broad St., Newark, New Jersey.

11.      On April 13, 2021, Plaintiff, **MICHELLE VANADIA** went a serious anddangerous allergic shock almost immediately after she drank some of the beverage she had ordered, paid for and obtained from Defendants, **STARBUCKS CORP., and or STARBUCKS COFFEE CO.**

12.     On April 13, 2021, **MICHELLE VANADIA** went into severe allergic shock, endured painful symptoms as result of that shock, was terrified, and hospitalized after drinking the beverage she had just ordered, paid for and obtained from Defendants, **STARBUCKS CORP., and or STARBUCKS COFFEE CO.**'s store located at 687 Broad St., Newark, New Jersey.

13.     On April 13, 2021, Defendants, **STARBUCKS CORP., and or STARBUCKS COFFEE CO.** owed Plaintiff, **MICHELLE VANADIA** a duty of care to precisely prepare the beverage she ordered exactly as she ordered it; to prepare a beverage that was safe for her consumption; to not add any dairy products to the beverage she had ordered, and not otherwise act in a safe manner in the sale, preparation and delivery of her beverage.

14.     On April 13, 2021, Defendants, **STARBUCKS CORP., and or STARBUCKS COFFEE CO.** breached the duties of care they owed to Plaintiff, **MICHELLE VANADIA** and were therefore negligent.

15.     As a proximate cause of Defendants, **STARBUCKS CORP., and or STARBUCKS COFFEE CO.**'s negligence, Plaintiff, **MICHELLE VANADIA** was caused to suffer serious and permanent bodily injuries and emotional distress of a permanent nature, was unable to return to her normal activities, and was obliged to expend monies for medical and hospital treatment in an effort to cure herself of said injuries, and will in the future be compelled to expend large sums of money in an effort to alleviate said injuries, and sustained pain and suffering and suffered economic losses.

WHEREFORE**,** Plaintiff, **MICHELLE VANADIA**, hereby demands judgment against Defendants, **STARBUCKS CORP., and or STARBUCKS COFFEE CO.** for damages including but not limited to: compensatory damages; costs of suit; interest; and such other relief as the Court deems just and appropriate.

3

## SECOND COUNT

**1.**    Plaintiff, **MICHELLE VANADIA**, repeats each and every allegation of the First Count of the Complaint as if set forth at length herein.

**2.**    At all relevant times, Defendants, **JOHN DOE 1-10 and/or ABC/XYZ COMPANY 1-10 (said names being fictitious)** owed Plaintiff, **MICHELLE VANADIA** all of the duties of care that were alleged in the FIRST COUNT.

**3.**    At all relevant times, Defendants, **JOHN DOE 1-10 and/or ABC/XYZ COMPANY 1-10 (said names being fictitious)** breached the duties of care that were alleged in the FIRST COUNT and were therefore negligent.

**4.**    As a proximate cause of Defendants, **JOHN DOE 1-10 and/or ABC/XYZ  COMPANY 1-10 (said names being fictitious)** negligence, Plaintiff, **MICHELLE VANADIA**  was caused to suffer serious permanent bodily injuries and emotional distress of a permanent nature, was unable to return to her normal activities, and was obliged to expend monies for medical and hospital treatment in an effort to cure herself of said injuries, and will in the future be compelled to expend large sums of money in an effort to alleviate said injuries, and sustained pain and suffering and suffered economic losses.

WHEREFORE, Plaintiff, **MICHELLE  VANADIA** demands judgment against the Defendants, **JOHN  DOE  1-10  and/or  ABC/XYZ  COMPANY 1-10 (said names being fictitious),** for damages including but not limited to: compensatory damages; costs of suit; interest; and such other relief as the Court deems just and appropriate.

**LYNCH LYNCH HELD ROSENBERG, PC**
Attorneys for Plaintiff, **MICHELLE VANADIA**

_____

Neil S. Weiner, Esq.

Dated: October 19, 2021

### JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to R.4:25-4, attorney Neil S. Weiner, Esq., of The Lynch Law Firm, is hereby designated as trial counsel.

### DEMAND FOR INTERROGATORIES

Plaintiff hereby demands answers to Uniform Form C and C (1) Interrogatories annexed hereto by all defendants within the time allowed under the Rules of Court.

### DEMAND FOR DOCUMENTS AND OTHER ITEMS

1. Please produce any and all incident reports, statement, interviews notes and transcripts, and any other investigative materials and or items related to the subject matter incident.

2. Please produce all orders forms, order tickets, and any other document related to the subject matter incident

3. Please produce any and all operating guideline's, policies and procedures, rules, and or protocols related to the preparation and service of beverages, the execution of customer orders and allergies.

4. Please produce any and all photos and videos of the subject matter location from the date of the incident.

5. Please produce any and all personnel files and  employee time sheets for all employees who were working at the subject matter store on April 13, 2021.

### DEMAND FOR PRODUCTION OF INSURANCE AGREEMENTS

Pursuant to R. 4:10-2(b), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying

on an insurance business may be liable to satisfy all or part of a judgment which may be entered in the action or to indemnify or reimburse for payment made to satisfy the judgment.  If so, please attach a copy of each, or in the alternative state, under oath and certification: (a) policy number; (b) name and address of insurer; (c) inception and expiration date; (d) names and addresses of all persons insured there under; (e) personal injury limits; (f) property damage limits; and (g) medical payment limits.

## **CERTIFICATION**

Pursuant to R. 4:5-1, I certify that to the best of my knowledge the matter in controversy is not the subject of any other action pending in any court or pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated.

**LYNCH LYNCH HELD ROSENBERG, PC**
Attorneys for Plaintiff, **MICHELLE VANADIA**

_____
Neil S. Weiner, Esq.

Dated: October 19, 2021

# Civil Case Information Statement

## Case Details: ESSEX | Civil Part Docket# L-007832-21

**Case Caption:** VANADIA MICHELLE  VS STARBUCKS CORP.

**Case Initiation Date:** 10/19/2021

**Attorney Name:** NEIL SCOTT WEINER

**Firm Name:** LYNCH LYNCH HELD ROSENBERG, PC

**Address:** 440 STATE ROUTE 17 NORTH HASBROUCK HEIGHTS NJ 07604

**Phone:** 2012882022

**Name of Party:** PLAINTIFF : VANADIA, MICHELLE

**Name of Defendant's Primary Insurance Company** (if known): None

**Case Type:** PERSONAL INJURY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: MICHELLE VANADIA?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

10/19/2021
Dated

/s/ NEIL SCOTT WEINER
Signed